UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MURJ, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RHYTHM MANAGEMENT GROUP, PLLC,<br><br>　　　　　Defendant. | Case No.　5:21-cv-00072-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 26 |

Plaintiff Murj, Inc. ("Murj") brings this action against Defendant Rhythm Management Group, PLLC ("Rhythm"), asserting three claims related to an alleged contractual relationship between the parties. Before the Court is Rhythm's motion to dismiss Murj's amended complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). Def.'s. Corrected Mot. to Dismiss All Claims in Pl.'s Compl. ("Mot."), Dkt. No. 26. The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons described below, the Court GRANTS the motion with leave to amend.

**I.　BACKGROUND**

Plaintiff Murj is the creator of a proprietary cardiac device data management software program ("the Murj Platform") which allows medical providers to monitor and manage data from a variety of implantable cardiac devices. Am. Compl., Dkt. No. 5 ¶¶ 8-10. Defendant Rhythm provides clinical diagnostic services in the form of monitoring patient data to medical providers. *Id.* ¶ 12. In particular, Rhythm assists medical providers with tracking and managing data collected from patients' implanted cardiac devices. Mot. at 2.

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING MOT. TO DISMISS
1

In August 2018 and January 2019, Murj and Rhythm executed two License Agreements and associated Sales Orders, as well as an agreement that Rhythm would abide by the Murj Inc. License Agreement and Terms & Conditions ("Terms & Conditions"). *See* Dkt. Nos. 5-1, 5-2, 5-3, 5-4, 5-5. Under the License Agreements, Sales Orders, and associated Terms & Conditions (collectively, "the Agreement"), Rhythm was authorized to use the Murj Platform for its "internal business purposes, which includes the internal business purposes of any subsidiaries that Customer controls either directly or indirectly." Dkt. No. 5-2 at Section 3.1.

The Terms & Conditions include provisions concerning Rhythm's use of the Murj Platform. Both parties agreed to "hold each other's Confidential Information in confidence and not to disclose such information in any form to any third party without the express written consent of the disclosing party" for the term of the Agreement and for at least five years following the Agreement's expiration. *Id.* at Section 6.2 ("the confidentiality clause"). "Confidential Information" is defined as including, among other things, the "Application" and "any Products, related documentation, [and] specifications." *Id*. at Section 6.1. "Application" is defined as "the software Application developed and delivered by Murj as described on a Sales Order, the related Documentation and updates and enhancements made to the foregoing, if and when made available by Murj." *Id*. at Section 1.2. Murj thus asserts the Murj Platform is "specifically defined as 'Confidential Information' under the Agreement." Am. Compl. ¶ 22. Additionally, the Terms & Conditions require Rhythm to not "cause or permit the reverse engineering, disassembly, or decomplication of any portion of" the Murj Platform or "distribute, sell, sublicense, rent, lease or use the [Murj Platform] (or any portion thereof) for time sharing, hosting, service provider or similar purposes." *Id.* at Section 3.4 ("the reverse engineering clause").

Rhythm subsequently used the Murj Platform to enable its medical provider customers to monitor and manage data from implantable cardiac devices. Am. Compl. ¶ 23.

In mid-2020, Murj discovered that Rhythm had developed its own cardiac monitoring platform ("the Rhythm Platform"). *Id*. ¶ 24. In a phone call with Murj CEO Todd Butka, Rhythm CEO Rhonda Bray denied that Rhythm was using the Rhythm Platform. *Id*. ¶ 25. Around this

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING MOT. TO DISMISS
2

time, Murj assisted Rhythm in selling Rhythm's services to a customer by demonstrating the Murj Platform for Rhythm to integrate into its sales pitch. *Id.* ¶ 26. Rhythm's pitch was successful, but Murj later discovered that Rhythm had provided the customer its own Rhythm Platform instead of the Murj Platform. *Id.*

Murj alleges multiple similarities between its own platform and the Rhythm Platform. Both are capable of "daily monitoring and triaging of customizable alerts," reviewing and processing multiple transmissions easily, and allowing customers to "customers to collect revenue from remote professional fees without the headache of having to setup and manage remote monitoring themselves." *Id.* ¶¶ 28-33. Murj also claims that the Rhythm Platform uses certain design and interface elements taken from the Murj Platform. *Id.* ¶ 34. Murj says "the user interface, the wording on its website, the layout, the design, and the phrases" as well as the overall appearance of the Rhythm Platform's "My Agenda" screen are "copies of the Murj Platform." *Id.* ¶¶ 34-35. Some of the specific elements Murj alleges Rhythm copied include the use of red, yellow, and green "alert signals" and similar or identical naming conventions for data columns. *Id.* ¶¶ 36-37. The Murj Platform, for example, organizes patients into "backlog," "compose," "needs approval," and "cleared" categories, while the Rhythm Platform uses "to be done," "in progress," "needs approval," and "cleared" categories arranged in a similar fashion. *Id.* ¶ 37. Other claimed similarities include "timeline layout, custom color severity, archived transmission indicator, transmission number and colors, workflow layout, transmission count, remote report, needs approval status screen, cancel button, and download button." *Id.* ¶ 39.

Murj filed this action on January 6, 2021. Dkt. No. 1. Rhythm filed the motion to dismiss now before the Court on March 20, 2021. Dkt. No. 26.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING MOT. TO DISMISS
3

a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When deciding whether to grant a motion to dismiss, the Court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. If matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Likewise, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).

### III. DISCUSSION

Murj asserts the following claims against Rhythm: (1) breach of contract for "failing to hold Murj's Confidential Information in confidence, misappropriating Murj's Confidential Information, reverse engineering the Murj Platform, using the Murj Platform to create the Rhythm Platform (to be used for time sharing, hosing, service provide or similar purposes), and by infringing on Murj's exclusive rights to the Murj Platform"; (2) specific performance; and (3)

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING MOT. TO DISMISS

4

declaratory relief. Am. Compl. ¶¶ 50, 54-64. Rhythm moves to dismiss all claims. Mot. at 2–12. The Court considers each claim in turn.

### A. Breach of Contract Claim

Under California law, a plaintiff asserting a breach of contract claim must plead the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008), *as modified on denial of reh'g* (Feb. 5, 2008) (citing *Armstrong Petroleum Corp. v. Tri–Valley Oil & Gas. Co.*, 116 Cal. App. 4th 1375, 1391, nn. 6, 11 (2004)).

Rhythm does not dispute Murj's allegations concerning the existence of a contract and Murj's performance. Rather, Rhythm focuses on Murj's allegations relating to the purported breach and resulting damages, contending that Murj has not stated a claim for breach of contract based on either the Agreement's confidentiality clause or the reverse engineering clause. Mot. at 4–13.

#### 1. Confidentiality clause

Rhythm argues that Murj has failed to state a claim for a breach of the confidentiality clause by neglecting to identify, with sufficient specificity, the confidential information Rhythm allegedly disclosed. *See* Mot. at 5–12.

A plaintiff claiming a breach of a contractual duty of confidentiality "must be particular enough so that the Court at least has an idea as to what type of information is at issue and how [the defendant] obtained it." *Xerox Corp. v. Far W. Graphics, Inc*., No. C-03-4059-JFPVT, 2004 WL 2271587, at *2 (N.D. Cal. Oct. 6, 2004). Rhythm argues that Murj has failed to provide "notice of the boundaries of this case." Mot. at 4 (quoting *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017)). Rhythm contends that Murj must allege facts "concerning what specific information was revealed, when, how, or to whom it was revealed, or whether or how" the information was used. *Id.* at 5 (citing *SriCom, Inc. v. EbisLogic, Inc.*, No. 12-CV-00904-LHK, 2012 WL 4051222, at *6 (N.D. Cal. Sept. 13, 2012)).

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING MOT. TO DISMISS

5

Here, the Agreement defines "Confidential Information" as including the "Application," which is in turn defined as the "software Application developed and delivered by Murj as described on a Sales Order . . . ." — i.e., the Murj Platform. Dkt. No. 5-2 at Sections 1.2, 6.1; Am. Compl. ¶ 22. Having alleged that the entirety of the Murj Platform is confidential information, Murj pleads that the confidential information at issue is not simply the functionality of the Murj Platform, but also the visual user interface. Am. Compl. ¶¶ 28-40. Murj also describes how Rhythm obtained access to the Murj Platform as a Murj customer. *Id.* ¶¶ 13, 26. Murj alleges that Rhythm subsequently developed its own competing Rhythm Platform that performs the same functions as the Murj Platform. Specifically, Murj alleges and provides examples of how "the user interface, the wording on [Rhythm's] website, the layout, the design, and the phrases contained on the Rhythm Platform are all copies of the Murj Platform." *Id.* ¶¶ 35, 38-39. Murj also alleges that Rhythm has provided and continues to offer its Rhythm Platform to medical providers or clinics, from which the Court infers that Rhythm has revealed through the Rhythm Platform Murj's confidential information to third parties. *Id*. ¶¶ 26, 41, 44. These allegations are sufficient under Rule 8 to provide Rhythm with notice of the boundaries of Murj's contract claim.

Rhythm argues that Murj's inclusion of images of the Murj Platform's interface in its publicly available complaint destroys any asserted confidentiality, relying on the Ninth Circuit's decision in *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc*., 122 F.3d 1211 (9th Cir. 1997). Mot. at 10. However, *Entertainment Research* does not discuss whether contractual confidentiality is defeated by filings made after the alleged breach. Rather, that case holds that the public sale of products *before* the execution of a contract claiming those products as confidential renders the confidentiality clause ineffective. *Ent'mt Research*, 122 F.3d at 1226–27. Because no such facts are alleged here, *Entertainment Research* is inapposite.

In sum, Murj alleges that: (1) the Murj Platform in its entirety is confidential information under the Agreement; (2) Rhythm had access to the Murj Platform; (3) there are various visual and functional similarities between the Murj Platform and the Rhythm Platform; (4) those similarities are the result of copying; and (5) that Rhythm has offered its Rhythm Platform to others. Because

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING MOT. TO DISMISS

6

this Court can "draw the reasonable inference" that Rhythm is liable for failing to hold the information in confidence, the claim has "facial plausibility." *Iqbal*, 556 U.S. at 678.

Accordingly, the Court finds that Murj has adequately pled Rhythm's breach of the Agreement's confidentiality clause.

### 2.  Reverse engineering clause

Rhythm also challenges that Murj's allegations concerning reverse engineering. Mot. at 10. Neither the Agreement nor the complaint define "reverse engineering." Murj alleges Rhythm's contractual duty to refrain from reverse engineering, Rhythm's access to the Murj Platform, and visual and functional similarities between the two Platforms as described above, Am. Compl. ¶¶ 18, 50, but as Rhythm points out, those allegations merely suggest development of a competing product without reverse engineering. Def.'s Reply in Supp. of Mot. to Dismiss, Dkt. No. 30 at 5–6. More is required for a reasonable inference that Rhythm reverse engineered the Murj Platform to create the Rhythm Platform. *See DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1132, 1151–52 (N.D. Cal. 2010) (declining to dismiss counterclaim that confidential software was reverse engineered to create an "adapter program" that interfaced with confidential software); *Red.com, Inc. v. Jinni Tech Ltd.*, No. SACV 17–00382–CJC(KESx), 2017 WL4877414, at *7 (C.D. Cal. Oct. 11, 2017) (plaintiff adequately alleged breach of clause prohibiting reverse engineering where plaintiff alleged that defendant must have examined plaintiff's software code in order to make a storage device compatible with plaintiff's cameras). Absent a more detailed explanation of Rhythm's reverse engineering, Murj's allegations are "merely consistent with" liability and cannot "nudge[] [its] claims across the line from conceivable to plausible." *Bell Atl. Corp.*, 550 U.S. at 547, 557.

Accordingly, the Court finds that Murj has failed to adequately plead Rhythm's breach of the Agreement's reverse engineering clause.

### 3.  Damages

Rhythm further argues that Murj has failed to sufficiently plead its damages. Mot. at 12–13. The Court agrees.

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING MOT. TO DISMISS
7

"Under California law, a breach of contract claim requires a showing of appreciable and actual damage." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000); *see also* Cal. Civ. Code § 3301 ("No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."). Murj pleads damages "in an amount to be determined at trial" while alleging that its damages were "a direct and proximate result" of Rhythm's alleged breach of the Agreement and that Rhythm's breach was a substantial factor in causing Murj's damages. Am. Compl. ¶¶ 51-52. However, nowhere in its Amended Complaint does Murj explain how Rhythm's alleged breach caused these damages. Other courts in this District have found similarly "conclusory allegations" to be "insufficient to plead damages arising from breach of contract." *Becton, Dickinson & Co. v. Cytek Bioscis. Inc.*, No. 18-CV-00933-MMC, 2020 WL 1877707, at *5 (N.D. Cal. Apr. 15, 2020) (complaint claiming that plaintiff "suffered harm" and was "entitled to compensatory damages" was insufficient); *see also Adobe Sys. Inc. v. A & S Elecs., Inc.*, 153 F. Supp. 3d 1136, 1146 (N.D. Cal. 2015) (complaint alleging defendant's "willful breach . . . has damaged Plaintiff entitling it to damages" did not make clear what "particular damages" were sought as a remedy). Murj has not pled a cognizable theory of damages nor asserted a specific amount lost. While Murj pleads that the amount in controversy exceeds $75,000 in its jurisdictional statement, it fails to support that contention with any facts. Am. Compl. ¶ 4.

In sum, the Court finds that Murj has not adequately pled the damages element of a breach of contract claim. The Court DISMISSES the breach of contract claim with leave to amend.

### B. Specific Performance and Declaratory/Injunctive Relief Claims

In addition to the breach of contract claim, Murj also pleads separate claims for specific performance and declaratory and injunctive relief. Am. Compl. ¶¶ 54-64. However, specific performance is not an independent cause of action under California law, but is instead a remedy for breach of contract. *Riese v. Chase Home Fin., LLC*, No. C 11-03297 NJV, 2011 WL 4344590, at *3 (N.D. Cal. Sept. 13, 2011); *see also Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1055 (C.D. Cal. 2015)). Similarly, declaratory and injunctive relief are remedies, not

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING MOT. TO DISMISS
8

independent claims. *Fish v. Magnum Aviation*, No.18-cv-06671-VKD, 2019 WL 690286, at *6 (N.D. Cal. Feb. 19, 2019) (holding that "[t]o the extent Mr. Fish attempts to assert standalone claims for declaratory and injunctive relief, he may not do so" because they are remedies, not causes of action).

As discussed above, the Court finds that aside from the damages issue, Murj has stated a claim for breach of contract based on the confidentiality clause but not as to the reverse engineering clause. *See supra* Section III.A. Because Murj has stated a claim based on the confidentiality clause, and because the Court has granted leave to amend, consideration and dismissal of these other claims is premature and unnecessary at this time. *See, e.g.*, *Reiydelle v. J.P. Morgan Chase Bank, N.A.*, No. 12-CV-06543-JCS, 2014 WL 312348, at *14 (N.D. Cal. Jan. 28, 2014) (finding it unnecessary to dismiss specific performance claim based on stated breach of the covenant of good faith and fair dealing); *Vargas v. Wells Fargo Bank, N.A.*, No. C 12-02008 WHA, 2012 WL 2931220, at *6 (N.D. Cal. July 18, 2012) (declining to dismiss "premature" independent claims for injunctive and declaratory relief).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Rhythm's motion to dismiss with leave to amend to address the deficiencies described above. Plaintiffs shall file an amended complaint by **December 8, 2021**.

**IT IS SO ORDERED.**

Dated: November 24, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING MOT. TO DISMISS
9