MAYER BROWN LLP
Edward D. Johnson (SBN 189475)
Elspeth V. Hansen (SBN 292193)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
wjohnson@mayerbrown.com
ehansen@mayerbrown.com
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Michael L. Lindinger (*pro hac vice*)
Marie C. Notter (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
mlindinger@mayerbrown.com
mnotter@mayerbrown.com
Telephone: (202) 263-3000
Facsimile: (202) 263-5323

*Attorneys for Defendant Rhythm Management Group, PLLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MURJ, Inc., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RHYTHM MANAGEMENT GROUP, PLLC, a District of Columbia Limited Liability Company,<br><br>Defendant. | Case No. 5:21-cv-00072-EJD<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:      June 23, 2022<br>Time:      9:00 a.m.<br>Courtroom: 4, Fifth Floor |

Pursuant to Federal Rule of Evidence 201, Defendant Rhythm Management Group, PLLC ("Rhythm") respectfully requests that the Court take judicial notice of the following documents in support of Rhythm's Motion to Dismiss.

1. True and correct, authenticated copies of Murj's website:

    a. The archived version of Murj's website from the Internet Archive's *Wayback Machine* at Archive.org, depicting how the website as it appeared on June 24, 2017 (available at the URL https://web.archive.org/web/20170624164252/https://www.murj.com/remote-inofficesolution/)

    b. The archived version of Murj's website from the Internet Archive's *Wayback Machine* at Archive.org, depicting how the website as it appeared on July 7, 2017 (available at the URL https://web.archive.org/web/20170707183452/https://murj.com/)

    c. The archived version of Murj's website from the Internet Archive's *Wayback Machine* at Archive.org, depicting how the website as it appeared on October 20, 2017 (available at the URL https://web.archive.org/web/20171020023603/https://www.murj.com/)

    d. The archived version of Murj's website from the Internet Archive's *Wayback Machine* at Archive.org, depicting how the website as it appeared on July 1, 2018 (available at the URL https://web.archive.org/web/20180701214135/https://www.murj.com/)

    e. The authenticated copies of Murj's website are attached as Exhibit A to the Affidavit of Duncan Hall which is Exhibit 1 to the Declaration of Michael L. Lindinger.

2. True and correct copies of the following publications:

    a. Murj's Twitter post and image therein, dated January 18, 2018 (available at

1

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00072-EJD

|   |   |
|---|---|
| 1 | the URL https://twitter.com/gomurj/status/954074704108810240), which is |
| 2 | attached as Exhibit 2 to the Declaration of Michael L. Lindinger. |
| 3 | b. Murj's Twitter post and image therein, dated May 23, 2018 (available at |
| 4 | the URL https://twitter.com/gomurj/status/999353059259101185), which is |
| 5 | attached as Exhibit 3 to the Declaration of Michael L. Lindinger. |
| 6 | c. Debbe McCall's Twitter post and images therein, dated May 8, 2018 |
| 7 | (available at the URL |
| 8 | https://twitter.com/DebbeMcCall/status/993913000271761409), which is |
| 9 | attached as Exhibit 4 to the Declaration of Michael L. Lindinger. |
| 10 | d. Murj's Twitter post and image therein, dated May 2, 2017 (available at the |
| 11 | URL https://twitter.com/gomurj/status/859426088262520835), which is |
| 12 | attached as Exhibit 5 to the Declaration of Michael L. Lindinger. |
| 13 | e. Gunnar Anderson's Twitter post and image therein, dated March 10, 2018 |
| 14 | (available at the URL |
| 15 | https://mobile.twitter.com/1_DIRECTION_F3/status/97246071395546316 |
| 16 | 8), which is attached as Exhibit 6 to the Declaration of Michael L. |
| 17 | Lindinger. |
| 18 | f. Murj's Twitter post and image therein, dated May 9, 2018 (available at the |
| 19 | URL https://mobile.twitter.com/gomurj/status/994309875172704256), |
| 20 | which is attached as Exhibit 7 to the Declaration of Michael L. Lindinger. |
| 21 | g. Jim Collins's Twitter post and image therein, dated May 11, 2018 |
| 22 | (available at the URL |
| 23 | https://mobile.twitter.com/CardiologyCoder/status/994954148830502912), |
| 24 | which is attached as Exhibit 8 to the Declaration of Michael L. Lindinger. |
| 25 | h. The publication *Reverse Engineering and Design Recovery: A Taxonomy*, |
| 26 | Chikofsky and Cross, IEEE Software 13-17 (January 1990) (available at |

2

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00072-EJD

https://www.cs.cmu.edu/~aldrich/courses/654-sp05/ReengineeringTaxonomy.pdf) (last accessed January 6, 2021)

Courts can take judicial notice of facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Judicial notice is appropriate when the "Court need not consider any content within the publications in such a way that would create a disputed fact." *In re Tesla Secs. Litig.*, 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020).

Rhythm requests judicial notice of two categories of documents: (1) archived versions of the Murj website, (2) publicly available websites, including Twitter posts and images therein. Courts routinely take judicial notice of these types of documents. These documents are "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**First**, courts in this district routinely take judicial notice of the historical appearance of websites, as archived and retrieved through the Internet Archive's Wayback Machine. *See, e.g.*, *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Craigslist, Inc. v. Dealercmo, Inc.*, 2017 WL 6334142, at *3 n.3 (N.D. Cal. Apr. 11, 2017) (taking judicial notice of "the appearance of the webpages"); *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *1 n.1 (N.D. Cal. June 25, 2014) (taking judicial notice of archived version of website via the Internet Archive); *Parziale v. HP, Inc.*, 2020 U.S. Dist. LEXIS 179738, at *7-8 (N.D. Cal. Sept. 29, 2020) (finding a page on the Wayback Machine "relevant and inherently reliable" to take judicial notice). Here, Rhythm has obtained forensic

evidence, authenticated by Duncan Hall, a Records Request Processor at the Internet Archive,[1] of screenshots of the Internet Archive's records of the archived files for the URLs and the dates specified, for archived versions of Murj's website attached as Exhibit A to the Affidavit of Duncan Hall ("Hall Affidavit"), which is attached as Exhibit 1 to the Declaration of Michael L. Lindinger.  Thus, Rhythm respectfully requests that the Court take judicial notice of the fact that, as authenticated by a Records Request Processor, the archived Murj websites listed in Exhibit A to the Hall Affidavit were each published comprising the information and images of the Murj Platform available as of the date of the websites.

**Second**, judicial notice of information on "publicly available websites," including articles (such as Exhibit 9 to the Declaration of Michael L. Lindinger), is also appropriate.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (taking judicial notice of "various newspapers, magazines, and books" and holding the "[c]ourts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true'") (quoting *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)); *In re Facebook, Inc. Secs. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (describing that a court can take judicial notice "that the market was aware of information contained in news articles"); *Brown v. Google, LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of documents "on publicly available websites").  And courts in this district recognize that the judicial notice doctrine also applies to Twitter posts (also known as Tweets), which includes Exhibits 2-8 of the Declaration of Michael L. Lindinger.  *See, e.g.*, *In re Tesla Secs. Litig.*, 477 F. Supp. 3d at 920; *In re Twitter, Inc. Secs. Litig.*, 2020 WL 4187915, at *2-3 (N.D. Cal. Apr. 17, 2020) (collecting cases); *Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice of tweets and

---

[1] The Records Request Processor describes the Internet Archive as a website that provides access to a digital library of Internet sites and other cultural artifacts in digital form.  Lindinger Dec., Ex. 1 (Hall Affidavit), ¶2.

news articles).

Rhythm does not request judicial notice of any disputed fact contained in these publications or images contained therein. Rather, Rhythm respectfully requests that the Court take judicial notice of the fact that the information, contained in Exhibits 1-9 of the Declaration of Michael L. Lindinger, was publicly available before the parties signed the Agreement in August 2018.

## CONCLUSION

The Court should take judicial notice of Exhibits 1-9 attached to the Declaration of Michael L. Lindinger.

Dated: January 7, 2022

Respectfully submitted,

/s/ Edward D. Johnson
MAYER BROWN LLP
Edward D. Johnson (SBN 189475)
Elspeth V. Hansen (SBN 292193)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
wjohnson@mayerbrown.com
ehansen@mayerbrown.com
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Michael L. Lindinger (*pro hac vice*)
Marie C. Notter (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
mlindinger@mayerbrown.com
mnotter@mayerbrown.com
Telephone: (202) 263-3000
Facsimile: (202) 263-5323

*Attorneys for Defendant Rhythm Management Group, PLLC*