COLBY B. SPRINGER (SBN 214868)
cspringer@polsinelli.com
MELENIE VAN (SBN 335203)
mvan@polsinelli.com
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: (415) 248-2100
Facsimile: (415) 248-2101

MICHAEL P. DULIN (admitted *pro hac vice*)
mdulin@polsinelli.com
**POLSINELLI PC**
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: (303) 572-9300
Facsimile: (303) 572-7883

*Attorneys for Plaintiff Murj, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MURJ, Inc.,<br><br>              Plaintiff,<br>       v.<br><br>RHYTHM MANAGEMENT GROUP, PLLC,<br><br>              Defendant. | Case No. 5:21-cv-00072-EJD<br><br>**PLAINTIFF MURJ, INC.'S OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. NO. 49-1)**<br><br>Date:         June 23, 2022<br>Time:        9:00 a.m.<br>Courtroom:  4, Fifth Floor |

Plaintiff Murj, Inc. ("Murj") objects to Defendant Rhythm Management Group, PLLC's ("Rhythm") improper request for judicial notice. *See generally* DKT. NO. 49-1 ("RFJN"). Rhythm's request identifies four alleged "archived version[s] of Murj's website from the Internet Archive's *Wayback Machine* at Archive.org," seven "Twitter post[s] and image[s] therein," and an article entitled *Reverse Engineering and Design Recovery: A Taxonomy* dated January 1990. *Id.* at 1:4-21 (concerning *Wayback Machine* posts); 1:26-2:24 (concerning Twitter posts); and 2:25-3:2 (concerning the *Reverse Engineering* article). Rhythm's request (made under the purported auspices of Federal Rule of Evidence 201) improperly seeks to frame as fact information that can neither accurately nor readily be determined from the information Rhythm presents to the Court.[1]

A court may take judicial notice that publicly accessible documents are in the public realm at the time they were issued **but not for the truth of their contents**. *See Diaz v. Intuit, Inc.*, No. 5:15-CV-01778-EJD, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) (citing *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009)). The Ninth Circuit Court of Appeals maintains a similar edict: "[a] court **cannot** take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (emphasis added), *cert denied sub nom. Hagan v. Khoja*, 139 S.Ct. 2615 (2019). The foundation decision on which Rhythm anchors its request—*In re Tesla Secs. Litig.*, 477 F. Supp. 3d 903 (N.D. Cal. 2020)— expressly acknowledges the same. *See* RFJN at 3:8-9 (citing *Tesla*); *but see Tesla,* 477 F. Supp. at 920 ("the Court takes judicial notice of the documents and ***their public nature***, but ***not to the accuracy of their contents***") (emphasis added).

Rhythm string cites a litany of cases in support of its request. *See* RFJN at 3:14-24 (discussing cases). But each case identified by Rhythm is readily distinguishable from the scope of the present request when read in greater context. For example, *Erickson v. Neb. Mach. Co.* took judicial notice for the limited purpose of "show[ing] that [certain] websites were substantively

---

[1] Rhythm more generally characterizes these three classes of documents as "archived versions of the Murj website" and "publicly available websites." RFJN at 3:10-11. The outcome remains the same regardless of how the documents in question are characterized—they are not subject to judicial notice for the purpose and reasons advanced by Rhythm.

identical during [a] relevant timeframe." 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015). *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *1 n.1 (N.D. Cal. June 25, 2014), likewise concerned the general similarity in appearance of a webpage at two different points in time. *Craigslist, Inc. v. Dealercmo, Inc.* also granted judicial notice "to the limited extent of the appearance of the webpages" but more importantly noted "it is not appropriate to take 'judicial notice' of inferences that might be drawn from the appearance of those webpages or to adjudicate factual disputes that are implicated by any such inferences." 2017 WL 6334142, at *3 n.3 (N.D. Cal. Apr. 11, 2017). And while *Parziale v. HP, Inc.* allowed for judicial notice of a Wayback Machine post, that post was referred to by the Plaintiff "throughout the [Complaint]" and expressly "'relied on'" with respect to allegations thereto. 2020 U.S. Dist LEXIS 179738, at * 7-8 (N.D. Cal. Sept. 29, 2020).

Rhythm does not seek judicial notice for the purpose of acknowledging similarity of web pages or relative the 'incorporation by reference' doctrine at issued in the foregoing decisions. Rhythm instead seeks to introduce material into the record for the subsequent purpose of supporting its motion to dismiss, which is in fact a motion for summary judgment. *See* DKT. NO. 50 (Response to Defendant's Motion to Dismiss Plaintiff's Second Am. Compl.) at 6:10-7:19. The Federal Rules, judicial notice, and case law interpretation the same do not allow for this purpose. Rhythm's request should be denied.

Rhythm then turns to a second series of cases. *See* RFJN at 4:9-5:1 (collecting cases). These decisions are likewise inapplicable to the present request. *Von Saher v. Norton Simon Museum of Art at Pasadena* defeats the underlying basis for Rhythm's request by virtue of the very language quoted by Rhythm in its papers. *See* RFJN at 4:9-15 (citing *Von Saher,* 592 F.3d 954 (9th Cir. 2009)). The language quoted by Rhythm clearly indicates that while judicial notice allows a Court to consider "what was in the public realm at the time" it cannot consider "whether the contents of those articles were in fact true." RFJN at 4:9-14 (quoting *Von Saher,* 592 F. Supp. at 960). *In re Facebook, Inc. Secs. Litig.* is likewise distinguishable on its face given Rhythm's own characterization of the decision pertaining to 'news articles,' which are not present amongst the current classes of documents. *See* RFJN at 4:15-17 (citing *Facebook,* 405 F. Supp. 3d 809, 827

(N.D. Cal. 2019)).  The remaining cases—*Brown v. Google, LLC*, 525 F. Supp. 3d 1049 (N.D. Cal 2021), *In re Twitter, Inc. Secs. Litig*, 2020 WL 4187915, at *2-3 (N.D. Cal. April. 17, 2020), and *Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019)—can all readily be distinguished from the present request in that they concern the previously discussed issue of 'similar webpages' (*Brown*), notice given to the public markets by way of SEC filings (*Twitter*), and the mere existence of certain Tweets to which the named litigants to did not object to taking notice (*Unsworth*).  *In re Twitter* and *Unsworth*, like many of Rhythm's initially cited cases, also expressly prohibit utilizing judicial notice for the purpose of determining "whether the contents of those articles were in fact true." *In re Twitter*, at * 3 (internal quotations omitted) and *Unsworth*, at *5.

Rhythm fundamentally does what the *Khoja* decision forbids: "ask the Court to take judicial notice of documents that [it] then use[s] as a basis to challenge the factual averments in the complaint." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (citing *Khoja*, 899 F.3d at 998-99).  There are significant factual issues relating to the information identified by Rhythm in these various documents, including what information was disclosed (if any), the significance of any such information, and the role that information has relative creating the Rhythm Platform.  If Rhythm is permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—"it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Khoja*, 899 F. 3d at 999.

Murj thus requests that the Court deny Defendant's Request for Judicial Notice.  Rhythm's Request for Judicial Notice (despite suggestion the contrary) does not seek to acknowledge that certain documents merely existed in the public record at a certain point in time.  Rhythm's Request instead seeks to circumvent the Federal Rules of Evidence by relying upon those out of court statements for the purpose of establishing the truth of the matter asserted.  Rhythm's request should be denied.

January 21, 2022    POLSINELLI LLP

By: */s/ Colby B. Springer*
Colby B. Springer (SBN 214868)
Melenie Van (SBN 335203)
POLSINELLI LLP
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Tel: (415) 248-2100
Fax: (415) 248-2101
cspringer@polsinelli.com
mvan@polsinelli.com

Michael P. Dulin (admitted *pro hac vice*)
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Tel: (303) 572-9300
Fax: (303) 572-7883
mdulin@polsinelli.com

*Attorneys for Plaintiff, Murj, Inc.*