MAYER BROWN LLP
Edward D. Johnson (SBN 189475)
Elspeth V. Hansen (SBN 292193)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
wjohnson@mayerbrown.com
ehansen@mayerbrown.com
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Michael L. Lindinger (*pro hac vice*)
Marie C. Notter (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
mlindinger@mayerbrown.com
mnotter@mayerbrown.com
Telephone: (202) 263-3000
Facsimile: (202) 263-5323

*Attorneys for Defendant Rhythm Management Group, PLLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MURJ, Inc., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RHYTHM MANAGEMENT GROUP, PLLC, a District of Columbia Limited Liability Company,<br><br>Defendant. | Case No. 5:21-cv-00072-EJD<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE**<br><br>Date: June 23, 2022<br>Time: 9:00 a.m.<br>Courtroom: 4, Fifth Floor |

Rhythm's modest request for judicial notice ("Request") under Fed. R. Evid. 201 involves the following publicly available material: (1) four archived versions of Murj's website from the Internet Archive's *Wayback Machine* 2017-2018, supported by a notarized affidavit; (2) seven Twitter posts and images therein; and (3) an industry publication. In its Order dismissing Murj's Amended Complaint, the Court noted that there was no evidence that the Murj Platform, including images of the same in the Amended Complaint, was publicly disclosed prior to Rhythm executing the Agreement in August 2018. *See* Dkt. 43 at 6:16-23. Murj included the same images and functionality description in its Second Amended Complaint (SAC) to support that the Murj Platform is confidential. However, the indisputably accurate and readily discernable information presented in Rhythm's Request responds to the Court's comment and demonstrates that the Murj Platform was, in fact, publicly available prior to the execution of the Agreement.

The inquiry on a request for judicial notice is narrow. Under Federal Rule of Evidence 201(b), judicial notice is proper if the facts requested to be noticed are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If a party requests judicial notice and provides the required information a court "must take judicial notice." Fed. R. Evid. 201(c).

Rhythm's request for judicial notice was similarly narrow. Contrary to Murj's arguments, Rhythm expressly requested judicial notice of the fact that specific images and information of the Murj Platform posted on the Murj website and on Twitter were publicly available. *See* Dkt. 49-1 ("Rhythm does not request judicial notice of any disputed fact contained in these publications or images contained therein. Rather, Rhythm respectfully requests that the Court take judicial notice of the fact that the information, contained in Exhibits 1-9 of the Declaration of Michael L. Lindinger, was publicly available before the parties signed the Agreement in August 2018."). Rhythm's request is no different than this Court's decision in *Diaz v. Intuit, Inc.*, a case cited by Murj, to take judicial notice of various publications, including relevant webpages and press releases, "were in the public realm at the time they were issued, but not for the truth of their

1

contents." *See* No. 5:15-CV-01778-EJD, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018).

Murj offers no reason why these sources are not accurate under Fed. R. Evid. 201(b). Rather, Murj argues that "[t]here are significant factual issues relating to the information identified . . . including what information was disclosed (if any), the significant of any such information, and the role that information has relative [to] creating the Rhythm Platform." Dkt. 51 at 4. But there is no factual issue about what information was publicly disclosed—the information disclosed is clearly depicted in each image within a particular source. The fact that Murj was providing demonstrations of the Murj Platform is also undisputed. Murj can argue about the import of those facts, but Murj cannot dispute that it publicly demonstrated its product at multiple industry conferences, released photos of the Murj Platform, and did so before Rhythm signed the Agreement in August 2018. The indisputably public nature of that information is clear from the face of the sources that Rhythm requested the Court take judicial notice of.

None of Murj's attempts to distinguish Rhythm's authority changes that. Even accepting Murj's characterization of the cases, several cases "concerned the general similarity in appearance of a webpage at two different points in time." Dkt. 51 at 2-3 (citing *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015); *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *1 n.1 (N.D. Cal. June 25, 2104); *Craigslist, Inc. v. Dealercmo, Inc.*, 2017 WL 6334142, at *3 n.3 (N.D. Cal. Apr. 11, 2017). That is not materially different from what Rhythm asks the Court to do—take judicial notice of the similarity between publicly-available images on a website compared to the images in Murj's Second Amended Complaint (SAC) that form the basis of Murj's confidentiality claim.

Murj made repeated statements in its SAC regarding the alleged confidential nature of the Murj Platform. That those statements are being challenged in Rhythm's Motion, supported by Murj's own public statements and behavior in the Request materials does not transform Rhythm's Motion into one for summary judgment. That interpretation is wrong.

Murj's distinguishing of *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592

2

F.3d 954 (9th Cir. 2009) is especially perplexing. As Murj repeats, *Von Saher* specifically held that a court could take judicial notice of "what was in the public realm at the time." *Id.* at 960. That is exactly what Rhythm has requested. Murj attempts to rely on language in *Von Saher* that courts cannot, on a request for a judicial notice, decide "whether the contents" of the noticed documents "were in fact true." *Id.* Murj offers no explanation for why, or how, the contents of screenshots of its own website—verified through the Wayback Machine affidavit—or images of its employees at industry conferences demonstrating the Murj Platform, many of which were posted on Murj's own Twitter page, would not be true.

For the reasons Rhythm set forth in its Reply Brief filed concurrently herewith, Rhythm disagrees that there is a disputed factual issue based on these documents, but that is a question of what conclusions can be drawn on a motion to dismiss; it does not affect the Court's ability to take judicial notice of these documents.

Neither *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) nor *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025 (N.D. Cal. 2018) cited by Murj support denying Rhythm's Request. *Khoja* involved a request for judicial notice of an investor transcript where there existed a host of vague references that were subject to varying interpretations. *See Khoja*, 899 F.3d at 999-1000. That is not the case here where the images and functionality information from the Request sources—the same image and functionality in the SAC—demonstrate that the Murj Platform was not confidential. Similarly, the defendant in *Rollins* asked the court to take judicial notice of information on websites and to do so for the facts that those webpages established. *Rollins*, 338 F. Supp. 3d at 1031. For example, the defendants, a healthcare provider and related persons, submitted a copy of the providers' mission statement to attempt to show it was affiliated with a church. *Id.* That necessarily required evaluating the truth of the contents of the mission statement. Evaluating a mission statement is a far cry from noticing whether an image was publicly available at a particular time.

DEFENDANT'S REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE
CASE NO. 5:21-CV-00072-EJD

**CONCLUSION**

For the reasons stated in Rhythm's Request and herein, the Court should take judicial notice of Exhibits 1-9 attached to the Declaration of Michael L. Lindinger.

Dated: January 28, 2022

Respectfully submitted,

/s/ Edward D. Johnson
MAYER BROWN LLP
Edward D. Johnson (SBN 189475)
Elspeth V. Hansen (SBN 292193)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
wjohnson@mayerbrown.com
ehansen@mayerbrown.com
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Michael L. Lindinger (*pro hac vice*)
Marie C. Notter (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
mlindinger@mayerbrown.com
mnotter@mayerbrown.com
Telephone: (202) 263-3000
Facsimile: (202) 263-5323

*Attorneys for Defendant Rhythm Management Group, PLLC*