UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MURJ, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>RHYTHM MANAGEMENT GROUP, INC.,<br><br>    Defendant. | Case No.  5:21-cv-00072-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE**<br><br>Re: Dkt. No. 49 |

Plaintiff Murj, Inc. ("Murj") asserts a claim in its Second Amended Complaint against Defendant Rhythm Management Group ("Rhythm") for breach of contract and seeks damages for lost profits, unjust enrichment, annual lost revenue, royalties, specific performance and injunctive relief. Pl.'s Second Am. Compl. ("Second Am. Compl."), Dkt. No. 44. On November 24, 2021, the Court granted Defendant Rhythm's first Motion to Dismiss with leave to amend. Order Granting Mot. to Dismiss ("First Order"), Dkt. No. 43. Plaintiff Murj filed an amended complaint shortly thereafter. Second Am. Compl., Dkt. No. 44. Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and Defendant's request for judicial notice in support of the motion filed concurrently. Mot. To Dismiss Pl.'s Second Am. Compl. ("Motion"), Dkt. No. 49; Def.'s Request for Judicial Notice in Support of Def.'s Mot. to Dismiss ("Request for Judicial Notice"), Dkt. No. 53. The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons described below, the Court **GRANTS** in part and **DENIES** in part the motion to dismiss.

## I.  BACKGROUND

The Murj Platform is a data management software program that enables medical care providers to manage data transmissions received from implanted cardiac devices manufactured by a multitude of different companies. Second Am. Compl. ¶¶ 8-9. The Murj Platform generates and transmits clinical transmission reports to medical personnel. *Id.* ¶ 10. Murj protects its platform and trade secrets with various registered and issued intellectual property rights. *Id.* ¶ 11.

Rhythm is an independent diagnostic testing facility that sells clinical diagnostic services to medical providers. *Id.* ¶ 12. These services include helping medical providers monitor patients with implanted cardiac devices. Mot. at 5. In August 2018, Rhythm licensed the platform from Murj ("License Agreement I") to sell and deliver clinical diagnostic services, such as the transmission reports, to Rhythm's customers. Second Am. Compl. ¶¶ 13-14. The License Agreement I included a sales order ("Sales Order I") and an agreement that Rhythm would abide by the Murj Inc. License Agreement Terms & Conditions ("Terms & Conditions"). *Id.* ¶ 14; Dkt. Nos. 44-1, 44-2, 44-3. These agreements were supplemented by License Agreement II and Sales Order II (collectively, "the Agreement") executed in January of 2019. Second Am. Compl. ¶ 15; Dkt. Nos. 44-4, 44-5.

In 2020, during the term of the Parties' Agreement, Murj discovered that Rhythm had developed its own cardiac monitoring platform called the Rhythm Synergy software platform ("Rhythm Platform"). Second Am. Compl. ¶ 24. Rhythm denied that it had built and was using the Rhythm Platform. *Id.* ¶ 25. Murj proceeded to assist Rhythm with a sales pitch to sell the Murj Platform to Rhythm's customers. *Id.* ¶ 26. Murj later learned that Rhythm had used the sales pitch to instead sell the Rhythm Platform and initiated this action for breach of contract shortly thereafter. *Id.*

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE

(quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain only enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (alteration in original) (quoting *Twombly*, 550 U.S. at 555). The court must accept as true all well-pleaded factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, a court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The allegations must be enough to raise a right to relief above the speculative level and must be enough to "raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiffs' claim. *Twombly*, 550 U.S. at 556.

### III. DISCUSSION

Plaintiff Murj pleads that Defendant Rhythm breached Sections 3.4, 3.5, and 6.2 of the Terms & Conditions, specifically the confidentiality, reverse engineering, and related intellectual property clauses. Second Am. Compl. ¶¶ 55-58. Under California law, a plaintiff asserting a breach of contract claim must plead: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008), *as modified on denial of reh'g* (Feb. 5, 2008) (citing *Armstrong Petroleum Corp. v. Tri–Valley Oil & Gas. Co.*, 116 Cal. App. 4th 1375, 1391, nn. 6, 11 (2004)). The existence of a contract and Murj's performance are undisputed. As with Rhythm's first motion to dismiss, Rhythm contends that Murj has once again failed to state a cause of action for breach of contract arising from the confidentiality, reverse engineering, and related intellectual property clauses. *See* Mot. to Dismiss All Claims in Pl.'s Compl., Dkt. No. 26. The Court considers each claim in turn.

#### A. Breach of Contract

##### i. Confidentiality Clause

1  The Murj Platform constitutes "Confidential Information" as defined by the Parties'
2  Agreement. *See* Terms & Conditions, Dkt. No. 44-2 §§ 6.1, 1.2. Murj asserts that Rhythm
3  violated Section 6.2 of the Confidentiality Clause by "using the Murj Platform to create the
4  Rhythm Platform, by incorporating portions of the Murj Platform into the Rhythm Platform, by
5  failing to hold the Murj Platform in confidence, by disclosing portions of the Murj Platform to its
6  customers and other third-parties without permission, and by failing to take reasonable steps to
7  ensure that the Murj Platform and other Confidential Information is not disclosed or distributed by
8  its employees." Second Am. Compl. ¶ 55.

9  Rhythm asserts that Murj's breach of the confidentiality clause is not cognizable because
10 Murj publicly disclosed images and demonstrations of the Murj Platform prior to the execution of
11 the Agreement in 2018, citing *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211,
12 1227 (9th Cir. 1997). Mot. at 6. Rhythm requests judicial notice of these publicly available
13 images to support its assertion. Specifically, Rhythm asks the Court to take notice of: "(1) four
14 archived versions of Murj's website from the Internet Archive's Wayback Machine 2017-2018,
15 supported by a notarized affidavit;" and "(2) seven Twitter posts and images therein" under Fed.
16 R. Evid. 201 to establish that the Murj Platform was publicly disclosed at the time the Agreement
17 was signed in 2018. Def.'s Reply in Support of Request for Jud. Notice ("Reply to Judicial
18 Notice"), Dkt. No 53 at 1; Mot. at 7.

19 On a motion to dismiss, a court normally may not look beyond the pleadings when
20 considering the sufficiency of the complaint without converting the motion into one for summary
21 judgment under Rule 56. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).
22 Courts may consider materials outside a complaint where such materials are incorporated by
23 reference or subject to judicial notice. *Id.* Judicial notice is proper if the facts requested to be
24 noticed are "not subject to reasonable dispute" because they "can be accurately and readily
25 determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).
26 In granting requests for judicial notice, the Court may only take notice as to the existence of the

27 Case No.: 5:21-cv-00072-EJD
   ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO
28 DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL
   NOTICE
                                                   4

web pages "and the facts contained therein, not as to the (disputed) inferences that Defendant seeks to draw from them." *Darensburg v. Metro. Transp. Comm'n*, No. 5-CV-01597 EDL, 2006 WL 167657, at *3 (N.D. Cal. Jan. 20, 2006); *Khoja*, 899 F.3d at 999 ("But a court cannot take judicial notice of disputed facts contained in such public records."). The Court has previously granted requests for judicial notice "to the limited extent of the appearance of the webpages located at the URLs references in the requests" and of the "appearance of the listed websites in the past" from the Wayback Machine materials. *Craigslist, Inc. v. DealerCMO, Inc.*, No. 16-CV-01451-VC, 2017 WL 6334142, at *3 (N.D. Cal. Apr. 11, 2017).

While the Court may take judicial notice of the appearance of such websites and images, the Court may not draw any inferences from these images and texts or "adjudicate factual disputes that are implicated by any such inferences." *Id.*, at *3 n. 3. Rhythm asserts that it only requests that the Court take notice of whether the images were available in the public realm at the time the Parties executed the Agreement. *See* Def.'s Reply in Support of its Request for Judicial Notice, Dkt. No. 53. In doing so, however, Rhythm asks the Court to in essence adjudicate disputed facts involving the scope of disclosure and to determine the components, features, and interface display of the Murj Platform. This is impermissible on a motion to dismiss. *See Darensburg*, 2006 WL 167657, at *3. Therefore, the Court declines to take judicial notice of the archived versions of Murj's website and Twitter posts and images for purposes of this motion.

In its Second Amended Complaint, Murj alleges that Rhythm used the Murj Platform to create its own program to replace the Murj Platform. Second Am. Compl. ¶ 40. Murj cites to the Agreement which defines "Confidential Information" as including the "Application." *Id.* at ¶ 21. The Application is further defined as "the software Application developed and delivered by Murj as described on a Sales Order," or the Murj Platform. *Id.* ¶ 22.[1] Accordingly, Murj has pled

---

[1] Thus, the Court rejects Rhythm's assertion that Murj's "Confidential Information" information is limited to the Murj Platform display interface and descriptions that may have been publicly disclosed.

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE

enough facts to state a claim to relief that has "facial plausibility" and permits the Court to draw a "reasonable inference" that Rhythm is liable for the alleged conduct. *Iqbal*, 556 U.S. at 678. The Court finds that Murj has adequately pled Rhythm's breach of the Agreement with respect to the confidentiality clause.

### ii. Reverse Engineering Clause

Rhythm challenges the plausibility of Murj's breach of contract claim based on violation of the reverse engineering clause. Mot. at 11. Murj asserts that Rhythm violated Section 3.4(a) by reverse engineering the Murj Platform to create the Rhythm Platform in order to sell or license the Rhythm Platform to third parties to use for services. Second Am. Compl. ¶¶ 16-19. The Court previously found that Murj "merely suggest[ed]" that Rhythm created a competing platform without sufficiently alleging reverse engineering, noting that "more is required for a reasonable inference" that Rhythm reversed engineered the Murj Platform. First Order at 7.

Rhythm contends that Murj's amended claim for breach of the Agreement's reverse engineering clause fails again because it is a "formulaic recitation of the elements" of reverse engineering that says nothing about how Rhythm reverse engineered the Platform. Mot. at 11, 13 (quoting *Twombly*, 550 U.S. at 555). Rhythm additionally asks the Court to take judicial notice of a technical publication about reverse engineering to support its assertion that Murj's reverse engineering allegations amount to nothing more than a recitation of the technical definition of the concept. Mot. at 12. The Court grants Rhythm's request for judicial notice of the definition of reverse engineering because it is not subject to reasonable dispute. Having considered that definition, the Court finds that Murj's factual allegations sufficiently pleads that Rhythm must have examined the Murj Platform in order to create an identical platform in appearance, function, and with similar special features.

Murj's Second Amended Complaint specifically alleges that while Rhythm had access to the confidential Murj Platform as a licensee, Rhythm examined the Murj Platform, and "with the knowledge and benefit of these products, services and information," created its competing Rhythm

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE

6

Platform to replace the Murj Platform. Second Am. Compl. ¶¶ 40-41, 58. Murj pleads that "Rhythm undertook the process of analyzing the Murj Platform to identify the system's components and their interrelationships, to understand the basic working principle and structure of the system, and to create representations of the system in another form for the purpose of creating the competing Rhythm Platform." *Id.* at ¶ 58. Murj supports this allegation by detailing the identical features and functionalities between the Murj Platform and the Rhythm Platform, including: the user interface, layout, design, the "2 Click Clear" service, alert functions, the reviewing and processing features of transmissions, the synergy page features, and the Platform's revenue collection features. *Id.* at ¶¶ 27-39. Murj further alleges that Rhythm reverse engineered the Murj Platform to get a "head start" in creating a competing program. *Id.* at 14.

In sum, Murj's reverse engineering allegations in its Second Amended Complaint "nudge[] [its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547, 570. Murj provides a more detailed explanation that allows the Court to draw a "reasonable inference" that Rhythm is liable for the alleged conduct. *Iqbal*, 556 U.S. at 678. Accordingly, the Court finds that Murj has adequately pled that Rhythm breached Section 3.4(a) of the Agreement by reverse engineering the Murj Platform to create the Rhythm Platform.

### iii. Intellectual Property Rights Clauses

Rhythm asserts that Murj's breach of contract claim arising from Sections 3.4(d) and 3.5 of the Agreement are also inadequately pled.[2]

Murj alleges that Rhythm violated Section 3.4(d) by creating the Rhythm Platform and selling or licensing it to third parties for "time sharing, hosting, service provide or similar services." Second Am. Compl. ¶ 56. Section 3.4(d) provides that Rhythm may not "distribute, sell, sublicense, rent, lease or use the Products (or any portion thereof) for time sharing, hosting,

---

[2] Rhythm contends that Murj's Section 3.4(d) and Section 3.5 are new theories alleged in Murj's Second Amended Complaint. However, Murj alleged breach of contract under identical theories in its First Amended Complaint. *See* Dkt. No. 5 ¶¶ 18-19, 50.

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE

7

service provider or similar purposes." Mot. at 13; Dkt. No. 44-2. The parties disagree whether "Products," which is contractually defined as "the Murj Application and Services provided by Murj hereunder" in Section 1.11, includes the Rhythm Platform. Dkt. No. 44-2 at 3.

In essence, Murj contends that "Products (or any portion thereof)" encompasses the Rhythm Platform because it is composed of Murj Platform features and functions based on Rhythm's misuse of the Murj Platform. Response at 9. Rhythm argues that "Products" only includes the Murj Platform and does not include the Rhythm Platform, which is a new product of its own creation. Mot. at 13. Rhythm further contends that Section 3.4(d) prohibits the sale of pirated copies of the Murj Platform on writable discs, for example, and that Murj cannot maintain a claim for breach of contract under this theory since Murj has not pled any facts alleging that Rhythm has engaged in such acts. *Id.* The Court agrees. The Agreement's definition of "Products" unambiguously refers to the Murj Platform; it does not include products created by other parties such as the Rhythm Platform. Accordingly, Murj has failed to plead a claim with respect to Section 3.4(d).

In addition, Murj alleges that Rhythm breached Section 3.5 of the Agreement, which states that "Murj and its licensors retain all rights, title and interest, including all intellectual property rights, in the Products." Dkt. No. 44-2. Murj asserts that Rhythm used its Confidential Information, the Murj Platform, to create the Rhythm Platform "in violation of Murj's sole right, title, and interest" in its Confidential Information. Second Am. Compl. at ¶ 57. Relying on its request for judicial notice, Rhythm once again asserts that the Murj Platform is not confidential since it was publicly disclosed. Mot. at 13. Rhythm contends that, because the Murj Platform is not Confidential Information and Murj has not identified any other intellectual property rights at issue aside from the Murj Platform, its allegation with respect to its "sole right, title, and interest" in its "Confidential Information and other intellectual property rights" is "bare bones" because it fails to adequately identify any violated intellectual property right. Mot. at 13–14; Second Am. Compl. at ¶ 57.

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE

8

For the reasons previously stated, Murj has adequately pled that the Murj Platform is Confidential Information. Therefore, Murj's claim with respect to Section 3.5 successfully identifies an intellectual property at issue – the Murj Platform – that Rhythm allegedly used to violate Murj's sole right, title, and interest in its Confidential Information.

In sum, the Court finds that Murj has failed to plead a claim for breach of contract under Section 3.4(d) but has adequately pled breach of the contract pursuant to Section 3.5.

### B. Damages

Rhythm also argues that Murj has failed to sufficiently plead its damages. Mot. at 14–15.

#### i. Unjust Enrichment

First, Murj claims unjust enrichment of benefits received by Rhythm using the Murj Platform in violation of the Agreement or reasonable royalties associated with the use of the Murj Platform including those derived from the Rhythm Platform. Second Amend. Compl. ¶ 61. Accordingly, Murj seeks disgorgement of royalties. *Id.* Rhythm asserts that unjust enrichment is not permitted under California law when the parties have a valid contract. Mot. at 14. The Court agrees. California courts typically construe "causes of action labeled 'unjust enrichment' as a 'quasi-contract claim seeking restitution.'" *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1260 (N.D. Cal. 2014) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal.App.4th 221, 231 (2014)). "[T]here is no right to equitable relief or an equitable remedy when there is an adequate remedy at law." *Huu Nguyen v. Nissan N. Am., Inc.*, No. 16-CV-05591-LHK, 2017 WL 1330602, at *4 (N.D. Cal. Apr. 11, 2017) (quoting *Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, 14-CV-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015)).

Here, there is no dispute as to the validity of the Parties' contract. Murj contends that it pleads unjust enrichment as a remedy and not as a claim for relief. Response at 14. However, "several courts in this district have barred claims for equitable relief… at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law." *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017). Murj has not sufficiently

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE

9

1  demonstrated why disgorgement of reasonable royalties would be appropriate where Murj has an
2  adequate remedy at law. Accordingly, Murj has failed to adequately plead damages for unjust
3  enrichment.

### ii. Lost Profits

Second, Murj alleges that it suffered damages in the amount equal to lost profits incurred because of Rhythm's appropriation of Murj customers in violation of the Agreement, which encompasses sales of the Rhythm Platform to customers who would have otherwise purchased the Murj Platform from Rhythm pursuant to the Parties' Agreement. Second Amend. Compl. ¶ 62. Rhythm contends that the Agreement precludes recovery of any lost profits. Mot. at 15. Murj claims these are not indirect lost profits but should be treated as general damages, noting that their alleged loss of profit directly results from Rhythm's nonperformance of the contract and not from lost profits that arise when the breach causes the non-breaching party to lose profits on unrelated contracts with third parties. Response at 10–11 (citing *In re First Magnus Fin. Corp.*, No. ADV.09-00381-JMM, 2010 WL 6452904, at *5–7 (B.A.P. 9th Cir. Aug. 31, 2010) (finding that the contract restricts damages from lost profits in the context of "incidental, punitive, indirect, special or consequential damages," but does not restrict lost profit general damages that were contracted-for and arose directly from the debtor's breach); *see also Coremetrics, Inc. v. Atomic Park.com, LLC*, No. C-04-0222 EMC, 2005 WL 3310093, at *4 (N.D. Cal. Dec. 7, 2005) (distinguishing direct and indirect loss of profits and finding that "the Limitations on Damages clause is unambiguous and contemplates a bar on recovery of indirect [loss of profits] damages, not the direct [loss of profits] damages Coremetrics seeks here").

Section 9.1 of the Agreement states that "indirect, incidental, special or consequential damages" are not recoverable for either party, "including without limitation… loss of profits." Dkt. 44-2 at 9. The contract unambiguously states that lost profits are unrecoverable "indirect damages" and does not limit direct loss of profit damages. Following the Court's previous findings on clauses with identical limitations on damages, the Court agrees with Murj that Section

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE
10

9.1 contemplates loss of profits as they relate to consequential or special damages.

Accordingly, Murj has adequately pled the damages element of the breach of contract claim with respect to lost profits that directly flow from Rhythm's alleged breach of contract.

### iii. Drop in Market Value

Murj also seeks damages for its loss of market value as a company due to the "annual lost revenue associated with the customers appropriated by Rhythm using the Rhythm Platform" and for the cost of developing its confidential information. Second Amend. Compl. ¶¶ 60, 63. Murj contends that these are general damages necessary to restore Murj to the position it would be in had there been no breach. *Id.* ¶ 63. Rhythm asserts that any decline in Murj's market value is a consequential damage, citing *Schonfeld v. Hillard*, 218 F.3d 164, 176 (2d Cir. 2000) (finding that "the market value of a lost income-producing asset" is a consequential damage).

General damages "are often characterized as those that flow directly and necessarily from a breach of contract, or that are a natural result of a breach." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968 (2004). The California Supreme Court has described general damages for breach of contract as "based on the value of the performance itself, not the value of some consequence that performance would produce." *Id.* at 971 (citations omitted). An annual drop in market value after a breach and development costs are both collateral losses following a breach that fall squarely outside the realm of general damages. The Court finds that these damages are not recoverable, as they are prohibited by Section 9.1 of the Agreement which forbids "indirect. incidental, special, or consequential damages." Dkt. 44-2 at 9.

Accordingly, Murj has failed to adequately plead the damages element of the breach of contract claim with respect to the cost of development and loss of business market value.

### C. Specific Performance and Injunctive Relief

Murj seeks a Court order requiring Rhythm to perform all of its obligations under the Agreement, particularly the confidentiality, reverse engineering, and intellectual property clauses. Second Amend. Compl. ¶¶ 66-71. Murj also seeks injunctive relief prohibiting Rhythm from

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE

11

1  continuing to breach the post-termination provisions of the Agreement. *Id.* ¶¶ 72-74. Rhythm

2  contends that Murj inadequately pled breach of the Agreement, and therefore Murj's requests for

3  specific performance and injunctive relief should necessarily be dismissed. Mot. at 16–17. As

4  previously discussed, Murj has adequately pled a breach of contract claim, which if proven,

5  provides a basis for injunctive relief and specific performance. *See* Dkt. No. 43 at 8.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Rhythm's motion to dismiss. The motion to dismiss the breach of contract claim is **GRANTED** to the extent that it is based on Section 3.4(d) of the Agreement and **DENIED** in all other respects. Damages for loss in market value, development costs, and unjust enrichment are stricken.

**IT IS SO ORDERED.**

Dated: August 22, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-00072-EJD
ORDER GRANTING IN PART AND DENYING IN PART RHYTHM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING REQUEST FOR JUDICIAL NOTICE

12